SUMMARY ORDER

Petitioner Min Qing Yang, a native and citizen of the People’s Republic of China, seeks review of the October 29, 2007 order of the BIA denying his motion to reopen. In re Min Qing Yang, No. A70 901 180 (B.I.A. Oct. 29, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
In this case, we need not consider the merits of Yang’s arguments because he waives any challenge to the BIA’s disposi-tive determinations that: (1) he failed to rebut the IJ’s underlying adverse credibility determination; and (2) he failed to demonstrate changed country conditions excusing the untimeliness of his motion to reopen. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); see also LNC Invs., Inc. v. Nat’l Westminster Bank, N.J., 308 F.3d 169, 176 n. 8 (2d Cir.2002). Because Yang fails to challenge these dis-positive findings, we deem any such arguments waived. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.
Moreover, our decision to decline consideration of such waived arguments will not result in a manifest injustice. See LNC Invs., Inc., 308 F.3d at 176 n. 8. Indeed, the BIA does not abuse its discretion by denying a motion to reopen or rejecting the authenticity of an alien’s documentary evidence submitted in support of such a motion where the alien does not rebut an IJ’s underlying adverse credibility finding. See Kaur v. BIA, 413 F.3d 232, 234 (2d Cir.2005) (per curiam); see also Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147 (2d Cir.2007) (citing Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007)). Moreover, where Yang did not submit any country conditions evidence in support of his motion to reopen, the BIA did not abuse its discretion in finding that he failed to demonstrate changed country conditions excusing the untimeliness of his motion to reopen.[2] See 8 C.F.R. § 1003.2(c)(3)(h); see also Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005).
Accordingly, because no manifest injustice would result if we decline to review the BIA’s finding that Yang failed to dispute the underlying adverse credibility determination and the BIA’s determination that he failed to establish a change in conditions in China, we deem any such challenges waived. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7. Thus, these findings stand as a valid basis for the BIA’s denial of Yang’s motion to reopen. See 8 C.F.R. § 1003.2(c)(1).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule *35 of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. There is no dispute that Yang's August 2007 motion to reopen was untimely where the BIA entered a final administrative order dismissing his appeal in April 2002. See 8 C.F.R. § 1003.2(c)(2) (requiring an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered).